IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| KELLY ROBINSON<br>3651 Braeden Ct.<br>Middleburg, FL 32068<br>      Plaintiff<br><br>v.<br><br>THE PNC FINANCIAL SERVICES<br>GROUP, INC LONG TERM DISABILITY<br>PLAN,<br>The Tower at PNC Plaza<br>300 Fifth Avenue<br>Pittsburgh, PA 15222<br>      Defendant | :<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:   NO.:  2:23-cv-2005 |

## COMPLAINT

NOW COMES, the Plaintiff, Kelly Robinson, by and through her Counsel, The Slocum Law Firm, and hereby complains of the above referenced Defendant, The PNC Financial Services Group, Inc. Long Term Disability Plan, (hereinafter referred to as "PNC"), as follows:

**I.  STATEMENT OF JURISDICTION:**

1. Jurisdiction is conferred upon this Honorable Court pursuant to 28 U.S.C. § 1331 and 29 U.S.C. § 1332(e). This Honorable Court has jurisdiction over all issues raising a federal question and this instant matter involves a disability policy issued to the Claimant through her Employer, thus it is governed by the Employee Retirement Income Security Act of 1974 (ERISA) 29 U.S.C. § 1011, et seq.

## II. STATEMENT OF VENUE:

2. Venue is proper in this jurisdiction as all actions and occurrences which give rise to the instant action occurred within the jurisdictional boundaries of this Honorable Court. Specifically, under the ERISA statute, venue is proper "in the district where the plan is administered, where the breach took place, or where a defendant resides or may be found." 29 U.S.C. §1132(e)(2). The Defendant is located within the Judicial District of this Honorable Court.

## III. FACTS:

3. The Plaintiff, Kelly Robinson, is an adult and competent individual with a physical address of 3651 Braeden Ct. Middleburg, FL 32068.

4. The Defendant, PNC, under information and belief, is a business entity with a principal place of with a corporate headquarter address of The Tower at PNC Plaza, 300 Fifth Avenue, Pittsburgh, PA 15222.

5. PNC is a business entity, who provides an employee benefit plan offering long term disability benefits to its employees. The plan is governed by the Employee Retirement Insurance Security Act (ERISA), 29 U.S.C. §1011, et seq.

6. On a date certain, PNC provided a Long Term Disability Plan to its employees, which included the Plaintiff herein.

7. The aforementioned policy of insurance aforementioned provided for an employee benefit plan as defined and covered under the terms of ERISA.

8. At all times material and relevant hereto, the Plaintiff performed all obligations required of her under the Long Term Disability Plan.

9. At all times material and relevant hereto, the Plaintiff was a qualified participant in the employee benefit plan provided to the Plaintiff through her employment with PNC.

10. On a date certain, the Plaintiff filed an application for long term disability benefits with PNC's plan administrator, The Lincoln National Life Insurance Company (hereinafter referred to as "Lincoln").

11. By correspondence, Lincoln notified the Plaintiff that her claim was denied beyond April 12, 2023.

12. The Plaintiff filed an administrative appeal with additional medical records and opinions of her treating physician in support of her claim.

13. By correspondence dated August 19, 2023, Lincoln denied the Plaintiff's appeals and advised the Plaintiff of her right to file a civil action.

14. PNC through its administrator, Lincoln, acted arbitrarily, capriciously and in a manner serving only its own business interest when it denied the Plaintiff's claim for disability benefits.

15. The actions of PNC, through its administrator, Lincoln, in denying

the Plaintiff's claim for disability benefits was arbitrary, capricious and was not made in good faith and made in violation of 29 U.S.C. §1001, et seq.

16. The actions of PNC, through its administrator, Lincoln, in denying the Plaintiff's claim for disability benefits are contrary to the language of the policy in question.

17. The Plaintiff is entitled to disability insurance benefits under the aforementioned plan as she has satisfied through medical evidence that she meets the definition of disability under the policy of insurance.

18. The Plaintiff is entitled to recover the benefits due to her under the aforementioned insurance policy in accordance with 29 U.S.C. §1132.

19. As a direct and proximate result of the actions of PNC, through its administrator, Lincoln, as herein above more particularly described, the Plaintiff has been caused to incur attorneys' fees in an amount not yet known.

20. As a direct and proximate result of the actions of PNC, through its administrator, Matrix, the Plaintiff has sustained damages in an amount not yet known to the Plaintiff; however, upon information and belief, such damages will approximate the amount of benefits due and owing to the Plaintiff from April 12, 2023 to the present and continuing into the future.

WHEREFORE, the Plaintiff, Kelly Robinson, respectfully requests that judgment be entered against PNC as follows:

1. Ordering PNC to pay to the Plaintiff, Kelly Robinson, long term disability benefits from April 12, 2023 to the present and continuing into the future as provided for in the policy of insurance;

2. Awarding the Plaintiff, Kelly Robinson, prejudgment interest on the award until the date of judgment;

3. Awarding the Plaintiff's attorney's fees, court costs and other reasonable costs incurred for the prosecution of the instant action;

4. Granting such other and further relief as the Court may deem just and proper.

RESPECTFULLY SUBMITTED,

BY: _____

Michael J. Parker, Esquire
PA Bar ID No.: 93024

THE SLOCUM LAW FIRM

600 Jefferson Avenue

Scranton, PA 18510

(570)209-7376
mparker@theslocumfirm.com